**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JERRY PAULSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | COMPLAINT FOR AGE |
| | ) | DISCRIMINATION IN EMPLOYMENT |
| CHIRO ONE WELLNESS CENTERS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |
| | ) | |

**JURISDICTION AND VENUE**

1.       This is an action brought under The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq, as amended.  This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331.

2.       Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3.       Plaintiff, JERRY PAULSON, (hereinafter "PAULSON" or "Plaintiff"), has fully complied with the procedural requirements of the ADEA.  He filed a charge of discrimination with the EEOC, received a right-to-sue letter from the EEOC, and is filing this lawsuit within 90 days of receipt of the right-to-sue letter.

**PARTIES**

4.       At all times herein mentioned, CHIRO ONE was and is a limited liability company duly organized, existing, and operating within the jurisdiction of this Court.

5.       CHIRO ONE is in the business of providing chiropractic services throughout Chicago and its suburbs.

6.     Defendant is an employer subject to suit under the ADEA in that Defendant is in an industry affecting commerce and had 20 or more employees in each of 20 or more weeks in the current or preceding calendar year.

7.     On or around June 6, 2011, PAULSON enrolled in CHIRO ONE's Resident in Training Program (hereinafter "RIT").

8.     PAULSON was 61 years old at the time.

## FACTUAL ALLEGATIONS

9.     The RIT program requires the person to complete a thirteen-week training program during which the person is to learn all of the systems, procedures and protocols necessary to service any clinical service or operation offered by CHIRO ONE.

10.     After completion of RIT, the person is to be placed as a Resident Associate in a Clinic and receive training for another 13 weeks, after which time they will become a Clinic Director.

11.     During his time at CHIRO ONE, PAULSON performed above and beyond CHIRO ONE's legitimate expectations.

12.     Throughout his time at the company, PAULSON was treated differently than younger students. Examples include:

    a.   Dr. Mark told Jerry that he was not going to become a Clinical Director because this is a 'young man's business,' and he was too old for the job.

    b.   Dr. Mark told him that they could not 'teach an old dog new tricks.'

    c.   Dr. Mark told him that 'this was a program designed for a younger man, 25 years old, just out of school.'

2

    d.   False claims were made that 'the pace of the work and clinics was too much for him [PAULSON].'

13.    PAULSON never passed RIT.

14.    The reasons given for his failure to pass were pretext.

15.    The real reason CHIRO ONE did not pass him was because of his age.

16.    Because he never passed RIT, he did not become a Resident Associate or a Clinic Director.

17.    On October 17, 2011, PAULSON was officially terminated from CHIRO ONE.

18.    The official reason given for his termination was "being dissatisfied with the job."

19.    The reason given for his termination was pretext.

20.    He was terminated because of his age.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

21.    PAULSON realleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

22.    PAULSON was qualified for the job he was training for with CHIRO ONE and more than adequately performed all functions that the job and training entailed.

23.    Despite PAULSON's qualifications and job performance, CHIRO ONE failed him from RIT, refused to hire him into an Resident Associate position (which was the precursor to becoming a Clinic Director), and terminated him from the program.

24.    CHIRO ONE took all these actions because of his age.

25.    The reasons given by CHIRO ONE for these actions are false and are pretext for illegal discrimination.

26.    Similarly situated student-employees younger than PAULSON were not subjected to the same actions as was PAULSON.

3

27.     Defendant's discrimination against Plaintiff was intentional and was on the basis of his age.

28.     Defendant's actions, as described above, are in violation of the ADEA.

29.     As a direct and proximate result of said unlawful employment practices, PAULSON has suffered lost wages and benefits, lost earning potential, and has suffered emotional distress.

30.     The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to PAULSON. Thus, he requests the assessment of punitive damages against the Defendant.

31.     As a result of Defendant's actions, PAULSON has had to hire an attorney to represent him in vindicating his rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JERRY PAULSON, by and through his attorney, Law Office of Julie O. Herrera, requests the following relief:

A.      That Plaintiff be granted compensatory damages in an amount to be determined at trial;

B.      That Plaintiff be granted punitive damages in an amount to be determined at trial;

C.      That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D.      That the Court grant such other and further relief as the Court may deem just or equitable.

BY:     ___Julie O. Herrera_____
        Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812

4

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    __Julie O. Herrera__
              Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812